Mihaela Miteva
43 Shorewood Drive
Orleans, MA 02653

**United States District Court –
District of Massachusetts
1 Courthouse Way, Suite 2300
Boston, MA 02210**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No.: 24-12939

Liana Surdut, Plaintiff,

v.

TOWN OF ORLEANS; KIMBERLY NEWMAN,
individually and in her official capacity as Town Manager;
and
MARK REIL, individually and in his official capacity as
Assistant Town Manager, Defendants.

## MOTION FOR PROTECTIVE ORDER REGARDING NON-PARTY WITNESS DEPOSITION OF MIHAELA MITEVA

**NOW COMES** Non-Party Witness Mihaela Miteva, Pro Se, and respectfully moves this Honorable Court for a Protective Order pursuant to **Pursuant to Fed. R. Civ. P. 26(c), 30(d), 30(b)(4), and 45(d**, and in support thereof states as follows:

### INTRODUCTION

Movant, Mihaela Miteva, a non-party witness proceeding pro se, respectfully moves this Honorable Court for entry of a Protective Order governing her deposition scheduled for February 11, 2026 at 10:00 a.m., to be conducted remotely. Movant is an adverse non-party witness because she is the complainant in a pending investigation before the Massachusetts Commission Against Discrimination (MCAD) against the same defendant, the Town of Orleans, which is represented by the same defense counsel in both proceedings.

Absent court-imposed limitations, the deposition presents a substantial risk of undue burden, improper scope, harassment, and circumvention of MCAD procedural safeguards. Movant therefore seeks reasonable protections regarding duration, scope, subject matter, and use of testimony.

### PROCEDURAL BACKGROUND

1. On January 14, 2026, Movant was personally served with a Deposition Subpoena by hand delivery at approximately **7:55 a.m.**

2. On the same date, January 14, 2026, Movant emailed defense counsel requesting that the deposition be conducted remotely and subject to appropriate limitations consistent with the

Federal Rules of Civil Procedure, given her status as a non-party witness and complainant in a parallel MCAD proceeding.

3. Defense counsel, Crystal Huff of Brody, Hardon, Perkins & Kesten, LLP, did not communicate directly with Movant regarding the subpoena or deposition logistics. Instead, defense counsel emailed Plaintiff's counsel, Patrick Daubert on January 15, 2025, requesting that he forward to Movant a "Re-Notice Subpoena."

4. The Re-Notice Subpoena forwarded by Plaintiff's counsel is dated **January 15, 2026**, is **not notarized**, and was not served directly by defense counsel to the summoned non-party witness.

5. On January 15, 2026, after receiving no response to her initial communication, Movant sent a follow-up email to defense counsel requesting clarification regarding deposition logistics and reasonable limitations.

6. Also on January 15, 2026, Movant contacted Plaintiff's counsel to clarify whether she was required to communicate directly with defense counsel, as Plaintiff's counsel does not represent Movant in this matter. Plaintiff's counsel responded that he would notify defense counsel, Attorney Huff, of Movant's position.

7. Copies of the relevant email communications regarding service, re-notice transmission, and clarification of representation status are attached hereto as exhibits.

8. Thereafter, defense counsel rescheduled Movant's deposition for February 11, 2026 at 10:00 a.m. to be conducted remotely. This notice has not been communicated to the Movant as of the date of this Motion for Protective Order. While the remote format request was unofficially accommodated, no limitations were imposed on the duration or scope of the deposition, and the prior deposition notice stated that the examination would proceed "from day to day until completed."

9. Movant respectfully submits that these circumstances — including irregular re-notice service, lack of direct communication from defense counsel, and absence of scope and duration limitations — impose undue burden on a non-party witness and create a substantial risk of interference with the integrity of the ongoing MCAD investigation.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(c)(1) authorizes courts to issue protective orders to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

Rule 30(d)(1) limits depositions to one day of seven hours absent court order or stipulation.

Rule 30(b)(4) expressly authorizes depositions to be conducted by remote means.

Rule 45(d)(1) requires parties to avoid imposing undue burden or expense on non-party witnesses and mandates courts to enforce this protection.

The First Circuit recognizes that non-party discovery burdens deserve special weight. *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998); *Gill v. Gulfstream Park Racing Ass'n*, 399 F.3d 391, 402 (1st Cir. 2005).

## ARGUMENT

### I. Movant Is an Adverse Non-Party Witness Entitled to Heightened Protection

Movant is not a neutral third-party witness. She is the complainant in a pending MCAD civil rights proceeding against the Town of Orleans, the same defendant in this federal litigation. Defense counsel represents the Town in both matters.

This dual-representation posture creates a heightened risk that the federal deposition will be used to develop testimony or admissions relevant to the MCAD matter outside the procedural safeguards governing administrative discovery. Courts have cautioned against using civil discovery mechanisms to gain advantage in parallel proceedings. *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962).

Because Movant's legal interests are directly adverse to the Town in another active civil rights forum, reasonable protective measures are necessary to preserve MCAD investigation integrity, fairness and prevent discovery abuse.

### II. Unlimited Duration and Undefined Scope Create Undue Burden

The prior notice indicating that the deposition would proceed "from day to day until completed" is inconsistent with Rule 30(d)(1) and imposes an unreasonable burden on a non-party witness.

Absent clear subject-matter limitations, the deposition risks becoming a fishing expedition extending into matters unrelated to the claims in this case or duplicative of party discovery.

Courts routinely limit non-party depositions to prevent harassment and cumulative questioning. *Cusumano*, 162 F.3d at 717.

### III. Protective Measures Are Necessary to Preserve MCAD Investigation Integrity

Movant's MCAD complaint involves overlapping factual issues related to employment practices of the Town of Orleans. Unrestricted questioning risks:

- Circumventing MCAD discovery rules
- Creating inconsistent testimonial records
- Chilling protected administrative rights
- Improperly leveraging federal discovery for parallel enforcement advantage

The Court has authority under Rule 26(c) to prevent such cross-forum interference.

### IV. Remote Deposition Is Appropriate and Already Unofficially Acknowledged

Defense counsel has agreed to conduct the deposition remotely. Movant respectfully requests the Court formally order the remote format pursuant to Rule 30(b)(4) to avoid future disputes and to ensure neutral conditions not controlled by defense counsel's physical office environment.

## REQUESTED PROTECTIVE RELIEF

Movant respectfully requests that the Court enter an Order:

1. Limiting the deposition to one day of no more than seven (7) hours on the record, excluding breaks, pursuant to Fed. R. Civ. P. 30(d)(1);

2. Requiring the deposition to proceed remotely by secure videoconference, pursuant to Fed. R. Civ. P. 30(b)(4);

3. Restricting questioning to matters directly relevant to the claims and defenses in this federal action and within Movant's personal knowledge;

4. Prohibiting questioning intended to obtain discovery related to Movant's pending MCAD complaint, including topics reserved for that administrative proceeding;

5. Prohibiting cumulative, harassing, speculative, or duplicative questioning, particularly where information is more appropriately obtained from party witnesses;

6. Granting any other relief the Court deems just and proper to protect Movant from undue burden, hardship, harassment, annoyance, embarrassment, or oppression, pursuant to Fed. R. Civ. P. 26(c).

## RESERVATION OF RIGHTS AND PRIVILEGES

Movant expressly reserves all rights, privileges, and protections available under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, Massachusetts law, and applicable constitutional and statutory provisions. Nothing in this Motion, nor Movant's participation in any deposition, shall be construed as a waiver of any objection, privilege, immunity, confidentiality protection, work-product doctrine protection, or right to seek further protective relief.

Movant further reserves the right to object to any question that is improper, irrelevant, overly broad, unduly burdensome, harassing, speculative, calls for privileged information, invades privacy interests, or seeks information protected by the attorney-client privilege, work product doctrine, deliberative process privilege, MCAD confidentiality protections, or any other applicable legal protection.

Movant also reserves the right to suspend or terminate the deposition and seek immediate court intervention pursuant to Fed. R. Civ. P. 30(d)(3) in the event that the deposition is conducted in bad faith, becomes oppressive, exceeds the scope authorized by the Court, or is used to improperly obtain discovery for use in parallel administrative proceedings.

**CERTIFICATION OF GOOD FAITH CONFERENCE**

Pursuant to Fed. R. Civ. P. 26(c)(1), Movant certifies that she attempted in good faith to resolve this matter without court intervention by emailing defense counsel on January 14, 2026, and following up on January 15, 2026, requesting a remote deposition and reasonable limitations. Defense counsel subsequently agreed to the remote format but declined to address scope and duration limitations, necessitating this Motion.

**CONCLUSION**

For the foregoing reasons, Movant respectfully requests that the Court grant this Motion and enter the requested Protective Order governing her deposition.

Respectfully submitted,

*/s/*

**Mihaela Miteva**
Non-Party Witness, Pro Se

---

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of January 2026, a true and correct copy of the foregoing Motion for Protective Order and Proposed Order was served upon all counsel of record via:

☐ U.S. Priority Mail to US District Court, District of Massachusetts
☐ Email to counsels (chuff@bhpklaw.com, lkesten@phpklaw.com ) and (daubertlaw@icloud.com) sent on January 17, 2026

| | |
|---|---|
| Attorney Crystal Huff         and | Patrick Daubert, Esq. |
| Attorney Leonard Kesten | Counsel for Plaintiff Liana Surdut |
| Counsel for Defendants Town of Orleans | |

Respectfully submitted,

*/s/*

**Mihaela Miteva**
Non-Party Witness, Pro Se